UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIELLE I. SZLAWIENIEC-HAW, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LE HA NHI, <br><br> Defendant. | Case No.  26-cv-02264-VKD <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' "REQUEST TO DROP PLAINTIFF NEXT DOOR MEDIA, INC."** <br><br> Re: Dkt. No. 5 |

On March 16, 2026, Danielle I. Szlawieniec-Haw (also known as D. Cole), Thomas G. Adams (also known as Tom Adams), and Next Door Media, Inc. ("Next Door Media") filed a complaint against defendant Le Ha Nhi, asserting a claim for copyright infringement.  Dkt. No. 1. According to the complaint, all plaintiffs are co-owners of the claimed copyrighted works at issue. *See* Dkt. No. 1 ¶¶ 10-12.

As all plaintiffs appear to be proceeding without an attorney, in a prior order, the Court advised that Next Door Media may not proceed in litigation without counsel.  *See* Dkt. No. 3. Plaintiffs now move for leave to "drop" Next Door Media from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure.  Dkt. No. 5.  Rule 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  "By itself, Rule 21 cannot furnish standards for the propriety of joinder, for it contains none."  *See Pam Am World Airways, Inc. v. United States Dist. Ct. for Cent. Dist. of Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975).  Thus, Rule 21 "must incorporate standards to be found elsewhere," including Rule 19.  *Id*.  Rule 19 requires the joinder of a party if, among other requirements, (1) "in that person's absence, the court cannot accord complete relief among

existing parties" or (2) disposing of the action in that person's absence may "impair or impede the person's ability to protect their interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(A)&(B). Additionally, Rule 12 authorizes the dismissal of a complaint for "failure to join a [required] party under Rule 19." Fed. R. Civ. P. 12(b)(7).

It is unclear on the present record whether Next Door Media may be a party required to be joined in this action. As such, the Court cannot at this time find that Next Door Media may be omitted from this action "on just terms" under Rule 21. Accordingly, plaintiffs' motion to "drop" Next Door Media is denied without prejudice.

As the Court currently does not have contact information for Next Door Media, the Clerk of Court is directed to mail a copy of this order to Next Door Media at the address for Ms. Szlawieniec-Haw. Plaintiffs are reminded that while this case is pending, they must provide their contact information and promptly inform the Court of any change of address. Failure to do so may result in dismissal of this action. *See* Civil L.R. 3-11.

**IT IS SO ORDERED.**

Dated: May 4, 2026

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

2