United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIELLE I. SZLAWIENIEC-HAW, et al., Plaintiffs, v. LE HA NHI, Defendant. | Case No. 26-cv-02264-VKD **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR ALTERNATE SERVICE** Re: Dkt. No. 19 |

Plaintiffs Danielle Szlawieniec-Haw, Thomas Adams, and Next Door Media, Inc. ("Next Door"), proceeding pro se,[1] move pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure for an order authorizing alternate email service of the complaint and summons in this action on defendant Le Ha Nhi. Dkt. No. 19. The motion is deemed suitable for determination, on an ex parte basis, without oral argument. *See* Civil L.R. 7-1(b); *see also Zoho Corp. v. Target Integration, Inc.*, No. 23-cv-00054-SI, 2023 WL 2837676, at *2 (N.D. Cal. Apr. 7, 2023) (deciding application for alternative service on an ex parte basis because "requiring plaintiffs to serve defendants before requesting authorization for alternative service would be paradoxical."). For the reasons discussed below, the Court denies plaintiffs' motion without prejudice.

## I. BACKGROUND

Plaintiffs state that they reside in Ontario, Canada and "are the creators and co-owners of twenty-three original audiovisual works," which are listed in an exhibit to their complaint. *See*

[1] Plaintiffs have been informed that Next Door Media cannot proceed in this action without an attorney. *See* Dkt. Nos. 3, 7. Plaintiffs' motion to drop Next Door Media from this action remains pending. Dkt. No. 16.

Dkt. No. 1 ¶¶ 10-12, 14 & Ex. A. According to the complaint, defendant Le Ha Nhi resides in Vietnam and operates a monetized YouTube channel called "True Crime [S]tories." *Id.* ¶¶ 6, 13. Plaintiffs allege that Le Ha Nhi willfully "copied and uploaded full or substantially identical versions of [p]laintiffs' works without authorization," and "monetized the uploads through YouTube's advertising program." *Id.* ¶¶ 2, 18-20, 24 & Ex. B. Plaintiffs further allege that they submitted takedown notices pursuant to the Digital Millenium Copyright Act ("DMCA"), and defendant submitted counter-notifications. *Id.* ¶¶ 21-22. Defendant also allegedly "sent explicit threatening and harassing emails to" Ms. Szlawieniec-Haw, which plaintiffs say "demonstrate[s] a likelihood of continued infringement and escalating misconduct[.]" *Id.* ¶ 27.

Plaintiffs assert a single claim for copyright infringement under 17 U.S.C. § 501. *Id.* ¶¶ 29-31. They seek injunctive relief; damages conservatively estimated to be $23,000 (U.S. dollars); and costs of suit. *Id.* at 3.[2]

Plaintiffs state that they have not been able to obtain a precise address for Le Ha Nhi and now seek permission to effect service of process through an email (anhduoc86bg@gmail.com) plaintiffs say they used to communicate with Le Ha Nhi both prior to, and after, filing this suit. Dkt. No. 19.

## II. LEGAL STANDARD

Rule 4(f)(3) "permits service in a place not within any judicial district of the United States by means not prohibited by international agreement as may be directed by the court." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (quoting Fed. R. Civ. P. 4(f)(3)) (citation modified). The rule does not "create a hierarchy of preferred methods of service of process," and "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Id.* at 1014-15 (citation modified). Rule 4(f)(3) requires only that service be (1) directed by the court and (2) not prohibited by international agreement. *Id.* at 1014. So long as service is "court-directed and not prohibited by an international agreement, service of process ordered under

[2] For filed documents, all pin citations refer to the page number appearing in the ECF document header.

Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.* Any alternate means of service must comport with due process, and thus "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016 (citation modified). The determination whether the circumstances in a particular case require alternate service of process under Rule 4(f)(3) is a matter within the Court's discretion. *Id.*

**III. DISCUSSION**

**A. International Agreement**

The United States and Vietnam are parties to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), which governs service of process on defendants outside the jurisdiction of the United States. *Astral IP Enter. Ltd. v. Apero Techs. Grp.*, No. 23-cv-02853-JSC, 2023 WL 5498730, at *2 (N.D. Cal. Aug. 23, 2023). "Nothing in the Hague Convention itself prohibits alternative service by email, when such service is directed by a court." *Google LLC v. Does 1-3*, No. 23-cv-05823-VKD, 2023 WL 8851619, at *2 (N.D. Cal. Dec. 21, 2023) (citing cases). However, "district courts 'generally require a showing [that] service by email is necessary,' not just preferred." *Timeless Production FZ LLC v. Vieconnect*, No. 25-cv-03639-NW, 2025 WL 1696560, at *2 (N.D. Cal. June 17, 2025) (quoting *Astral IP*, 2023 WL 5498730, at *2). "These circumstances arise where, for example, an address cannot be located, or where there is evidence a defendant is attempting to 'evade' service." *Id.* (citing cases).

Plaintiffs do not contend that Le Ha Nhi's address is unknown. Nor do they make a showing that defendant is attempting to evade service. Rather, they contend that they have not been able to obtain defendant's full address (i.e., a building unit number) sufficient to effect service under the Hague Convention. *See* Dkt. No. 19 at 2. Plaintiffs' papers indicate that they consulted with an international process service company, who advised that the company cannot verify addresses for service for plaintiffs. *See* Dkt. No. 19 at 2; Dkt. No. 19-3 at 1. Although details of their investigation are not clear, plaintiffs apparently obtained an address Le Ha Nhi provided to YouTube for a physical building where plaintiffs believe Le Ha Nhi is a tenant. *See* Dkt. No. 19-1; Dkt. No. 19-5. Plaintiffs state that they have been unable to obtain Le Ha Nhi's

unit number, despite their efforts to obtain that information directly from Le Ha Nhi and from someone apparently associated with the subject building. *See* Dkt. No. 19 at 1-2; Dkt. No. 19-1; Dkt. No. 19-5; Dkt. No. 19-6 to Dkt. No. 19-11. What is not clear is whether plaintiffs have attempted to contact Le Ha Nhi at that physical address, notwithstanding the lack of a unit number. While service by "usual means [under the Hague Convention] is not *required* in order to establish a basis for alternative service, good cause for a court order to serve by alternative means is," and a movant "cannot merely leapfrog over those means authorized by the Hague Convention or other usual methods deemed to be 'reasonably calculated to give notice,' as stated in Rule 4(f)(1) and (2), without a sufficient reason to do so. *Virtual Point, Inc. v. Hedera AB*, No. 13-cv-05690-YGR, 2014 WL 1729025, at *3 (N.D. Cal. Apr. 29, 2014).

**B. Due Process**

Plaintiffs have not demonstrated that alternative service by email is reasonably calculated to apprise Le Ha Nhi of the pendency of this action. Papers appended to the complaint, while barely legible, indicate that plaintiffs exchanged pre-litigation correspondence with someone at the subject email address, which plaintiffs now propose to use as a means for alternate service of process. *See* Dkt. No. 1. Plaintiffs also submit a copy of what appears to be an email dated May 11, 2026 that Ms. Szlawieniec-Haw sent to the subject address, attaching a copy of the complaint filed in the present action. *See* Dkt. No. 19-5; *see also* Dkt. No. 19-2. However, the subject email address does not appear to be for Le Ha Nhi, but for someone named "Truong To Van." While plaintiffs indicate that they believe the email address belongs to "someone associated with [Le Ha Nhi]" (*see* Dkt. No. 19-3 at 2), they have submitted no evidence or declarations explaining why that is so or how the subject email address is linked (if at all) to the YouTube channel in question. In sum, on the current record, there is no indication that the subject email address is an effective means of communicating with Le Ha Nhi, including that Le Ha Nhi currently uses or recently used that email address, that any email sent to that address will actually be received by Le Ha Nhi or brought to Le Ha Nhi's attention, or that plaintiffs have successfully communicated with Le Ha Nhi via that address. In these circumstances, the Court has insufficient information from which to conclude that alternative service by email, even if permissible, is reasonably calculated to provide

actual notice of this action.

## IV. CONCLUSION

For the reasons discussed above, plaintiffs' motion for alternate service is denied without prejudice. Plaintiffs shall be prepared to discuss their efforts to identify a service address or email address specific to defendant Le Ha Nhi at the initial case management conference, which is scheduled for **November 17, 2026, 1:30 p.m. (via Zoom video conference)**. In addition, plaintiffs are reminded of the services available to self-represented litigants in federal cases. *See* https://cand.uscourts.gov/representing-yourself/free-legal-help-people-without-lawyers.

**IT IS SO ORDERED.**

Dated: November 13, 2026

Virginia K. DeMarchi

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California